# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **JAMARCUS SAM** | **CIVIL ACTION NO. 16-0124** |
| **VERSUS** | **JUDGE ELIZABETH FOOTE** |
| **CITY OF OPELOUSAS, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment filed by Defendants, the City of Opelousas ("the City") and Officer Shone Chase Richard ("Richard"). [Record Document 45]. For the reasons below, the motion is **GRANTED**, and Plaintiff's state-law claims related to his seizure by Richard are **DISMISSED WITH PREJUDICE**.

## I.    Background

This Court and the Fifth Circuit have fully discussed the factual background of this illegal detention and excessive force case. *Sam v. Richard*, 887 F.3d 710, 712–13 (5th Cir. 2018); *Sam v. City of Opelousas*, No. CV 16-0124, 2017 WL 2784458, at *1 (W.D. La. June 27, 2017), *aff'd in part, vacated in part sub nom. Sam v. Richard*, 887 F.3d 710 (5th Cir. 2018). In brief, after an item was stolen from a Walmart store in Opelousas, Louisiana, Richard saw Plaintiff Jamarcus Sam ("Sam") running through a parking lot on the opposite side of Interstate 49 from the Walmart. *Sam*, 887 F.3d at 715. Once Sam stopped running, Richard allegedly "slapped him across the face, kneed him, placed him in handcuffs, and shoved him against a police car." *Id.* at 712. After returning Sam to the Walmart, Richard determined that Sam was not the shoplifter, but

continued to hold him handcuffed in the back seat of the police car for nearly an hour before transporting him to the police station and releasing him to his mother. *Id.*

Sam raises two sets of claims under both state and federal law. First, he alleges that holding him handcuffed in the back seat of the police car was an unlawful seizure. [Record Document 3 at 4]. Second, he alleges that Richard used excessive force before and after applying the handcuffs. [*Id.*]. The Court granted Defendants' summary judgment motion, finding that any force Richard used was de minimis and thus constitutional and that Sam's detention was a lawful investigatory stop. *Sam*, 2017 WL 2784458, at *3–4. Having found that Richard committed no constitutional violations, the Court dismissed all federal claims against the City. *Id.* at *4. Because the Court dismissed all of Sam's federal claims, it declined to exercise supplemental jurisdiction over his state-law claims and dismissed them without prejudice. *Id.* at *5.

On appeal, the Fifth Circuit affirmed summary judgment on Sam's unconstitutional seizure claims. *Sam*, 887 F.3d at 716. In doing so, the Fifth Circuit expressly found that Richard had probable cause to arrest Sam, but declined to declare as error this Court's determination that Sam had merely been detained. *Id.* at 715. The court reasoned:

> In Louisiana, it is a crime for "any pedestrian to cross an interstate highway, except in the case of an emergency." La. Stat. Ann. § 32:216. Richard arrived on the scene in response to a dispatch describing people running from the Opelousas Walmart. He encountered Sam running through the parking lot of a gas station near the Walmart. The only way to get from the Opelousas Walmart to the gas station without crossing Interstate 49 is to take the Creswell Lane underpass. Richard drove down Creswell to intercept the suspects and didn't see Sam walking along the underpass. Finally, a Walmart employee identified Stag, who was detained with Sam, as having recently shoplifted from the store. These facts, known to Richard, were sufficient for a reasonable person to conclude that Sam crossed Interstate 49. Richard therefore had probable cause to believe that Sam violated Louisiana's prohibition on crossing interstate highways.

*Id.* Finding that this Court had applied the incorrect legal standard to Sam's excessive force claims, the Fifth Circuit vacated that portion of the summary judgment ruling. *Id.* at 713–14. Because one federal claim now survived, the court vacated the judgment for the City and the dismissal of Sam's state-law claims. *Id.* at 716.

Thus, the following claims are now before this Court: Sam's federal and state-law excessive force claims, his state-law unlawful seizure claim, and his *Monell* and vicarious-liability claims against the City. Defendants move for partial summary judgment on Sam's state-law seizure claim. [Record Document 45]. The Fifth Circuit held that if the seizure was an arrest, then the arrest was supported by probable cause. *Sam*, 887 F.3d at 715–16. Based on this holding, Defendants insist that it is the law of the case that Richard had probable cause to arrest Sam. [Record Document 45-2 at 6]. Because the lawful-arrest standard in Louisiana law is the same as that in federal law, Defendants then ask this Court to conclude that Sam was lawfully arrested under state law. [*Id.*].

In response, Sam argues that this Court is bound by its earlier determination that Sam was merely detained and not arrested. [Record Document 47 at 3]. Sam notes that an investigative detention is limited to the time reasonably necessary to effect the purposes of the detention. [*Id.* at 4–6]. On this basis, he contends that fact questions exist regarding whether an hour-long detention was reasonably necessary to enable Richard to investigate whether Sam had crossed the interstate on foot. [*Id.* at 6–8]. Defendants reply that it is irrelevant whether Sam's seizure was an arrest or a detention because the federal and state standards for the lawfulness of a seizure are identical. [Record Document 48 at 2–4].

## II.    Discussion

### A.    Standard of Review

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23. However, "if the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

## B. <u>Law of the Case</u>

Defendants argue that this Court is bound by the Fifth Circuit's decision under the law-of-the-case doctrine, which

> posits that ordinarily an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal. The proscription covers issues [an appeals court has] decided expressly and by necessary implication, reflecting the sound policy that when an issue is once litigated and decided, that should be the end of the matter.

*United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (internal citations and quotation marks omitted). Three exceptions to the doctrine exist: "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work . . . manifest injustice." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 703 (5th Cir. 2014) (quoting *In re Ford Motor Co.*, 591 F.3d 406, 411–12 (5th Cir. 2009)).

To determine the application of the doctrine to the matter at hand, the Court must first

identify precisely what the Fifth Circuit decided. The Fifth Circuit expressly found that "Richard . . . had probable cause to believe that Sam violated Louisiana's prohibition on crossing interstate highways." *Sam*, 887 F.3d at 715. However, the Fifth Circuit declined to find that Sam had been arrested: "<u>even if</u> Sam's detention amounted to an arrest, it was supported by probable cause." *Id.* at 716 (emphasis added). Thus, the law-of-the-case doctrine applies to the probable cause determination, but does not mandate that this Court find that Sam was, in fact, arrested. As no new evidence has been presented in conjunction with the instant motion, controlling precedent has not changed, and the Fifth Circuit's determination that Richard had probable cause to arrest Sam was not clearly erroneous, this Court holds that it is the law of this case that Richard had probable cause to arrest Sam for crossing an interstate highway on foot.

### C.     <u>Nature of the Seizure</u>

The parties dispute whether Sam was arrested or merely detained. *Sam*, 887 F.3d at 715. This Court previously found that Richard conducted only an investigatory stop. *Sam*, 2017 WL 2784458, at *4. Although the Fifth Circuit did not find that this determination was error, the Fifth Circuit did suggest that this Court's finding might conflict with its opinions. *Sam*, 887 F.3d at 715. In *Turner v. Lieutenant Driver*, the Fifth Circuit held that confining a handcuffed person in the back seat of a patrol car while the detaining officer takes no active investigative steps constitutes an arrest for which probable cause is required. 848 F.3d 678, 693–94 (5th Cir. 2017).

After Richard brought Sam back to the Walmart, an employee told Richard that Sam was not the shoplifter. *Sam*, 887 F.3d at 712. Once this occurred, the only crime of which Sam could have been suspected was crossing an interstate highway on foot. "[A]n investigative detention

must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Turner*, 848 F.3d at 693 (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)). Given that Richard apparently performed no investigation to confirm or dispel his suspicion that Sam had crossed the interstate on foot, [Record Document 24-5 at 16–17], detaining Sam for nearly an hour was unreasonable and thus constituted an arrest. The Court thus exercises its authority under Rule 54 of the Federal Rules of Civil Procedure to modify its former conclusion that Sam was merely detained. Applying federal law, the Court now finds that Sam was arrested.

Under Louisiana law, an "[a]rrest is the taking of one person into custody by another" by means of "actual restraint of the person" arrested. La. Code Crim. Proc. Ann. art. 201 (2003). An arrest requires that the "circumstances indicat[e] an intent to impose an extended restraint on the person's liberty." *State v. Fisher*, 97-1133, p. 6 (La. 9/9/98); 720 So. 2d 1179, 1183 (citing *State v. Allen*, 95-1754, p. 6 (La. 9/5/96); 682 So. 2d 713, 719; *State v. Simms*, 571 So. 2d 145, 148 (La. 1990)). Handcuffing a suspect and "putting him in the back seat of [a] police car bound for the station" is an arrest. *Id.* Here, Richard handcuffed Sam, held him handcuffed in the back seat of the police cruiser for forty-eight minutes after determining that he was not the shoplifter, and then transported him to the police station. *Sam*, 887 F.3d at 715. In light of these facts, the Court finds that Sam was also arrested under Louisiana law.

### D.    Lawfulness of Sam's Detention

For Sam's arrest to comport with the Fourth Amendment, Richard must have had probable cause to believe that Sam had committed an offense. *See Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). As discussed above, it is the law of this case that Richard had probable cause to

arrest Sam. Therefore, the Court concludes that Richard did not violate federal law by holding Sam in the police car after clearing him of suspicion of shoplifting.

According to the Louisiana Code of Criminal Procedure, a warrantless arrest is lawful when an officer has "reasonable cause to believe that the person to be arrested has committed an offense." La. Code Crim. Proc. Ann. art. 213(A)(3) (Supp. 2018). Reasonable cause is equivalent to probable cause. *State v. Drew*, 360 So. 2d 500, 510 (La. 1978). Because it is the law of this case that Richard had probable cause under federal law, the Court concludes that he had reasonable cause under state law. Sam's arrest was thus lawful under both federal and Louisiana law and so partial summary judgment is appropriate.

## III. Conclusion

For the reasons discussed above, Defendants' motion for partial summary judgment [Record Document 45] is **GRANTED**.

**IT IS ORDERED** that all state-law claims regarding Sam's detention in the police car are **DISMISSED WITH PREJUDICE**.

This matter will proceed to trial on Sam's excessive force claims against Richard under state and federal law and the associated claims against the City.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _____ day of _____, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE